## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD C. CLARK,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 10-4063** |
| | : | |
| **KRAFT FOODS, INC.,** | : | |
| **Defendant.** | : | |

**DuBois, J.**                                                                                    **May 21, 2013**

### M E M O R A N D U M

## I.     INTRODUCTION

Plaintiff Donald Clark has sued his former employer, defendant Kraft Foods, Inc., for employment discrimination on the basis of race, pursuant to 42 U.S.C. § 1981.   The Court previously denied defendant's motion for summary judgment.   Defendant has now moved for reconsideration of that order on the grounds of newly discovered evidence and clear errors of law.

## II.     BACKGROUND

The background of this case is set forth in detail in the Court's previous opinion.   See Clark v. Kraft Foods, Inc., 2011 WL 5116637 (E.D. Pa. Oct. 28, 2011).   Accordingly, the Court recites in this Memorandum only those facts necessary to explain the Court's ruling on the pending motion.

By the Memorandum dated October 28, 2011, the Court denied defendant's motion for summary judgment.   Id.   The Court concluded that plaintiff had satisfied the elements necessary to support a prima facie case of discrimination, as plaintiff was qualified for his position, and had shown circumstances that gave rise to an inference of discrimination in connection with his termination.   Id. at 5.   Regarding his qualifications, the Court noted, inter alia, that plaintiff had received "high marks for meeting sales objectives" and "received sales awards," thus establishing his qualifications for the job.   Id.   On the issue of whether there were circumstances that gave rise

to an inference of discrimination, the Court noted that (1) plaintiff had identified a Caucasian Sales Representative who was not terminated for a similar offense, (2) plaintiff presented both anecdotal evidence of his supervisors' racial animus, and (3) a pattern of discriminatory treatment toward African American Sales Representatives in defendant's Horsham office.   The Court thus determined that plaintiff had presented sufficient evidence of circumstances raising an inference of discrimination.   Id.

The Court next held that defendant had satisfied its burden of introducing evidence of a nondiscriminatory reason for plaintiff's termination.   Id. at 6.   However, the Court determined that genuine disputes of material fact remained as to whether plaintiff could show that the legitimate reason provided by defendant was pretextual.   Plaintiff argued (1) that the incident that caused his termination was not his fault, (2) that the complaint that led to his Final Warning was never made,[1] and (3) noted the different treatment of a Caucasian Sales Representative for a similar offense.   Id.   In addition, while plaintiff admitted that there were some complaints about his job performance, the Court concluded that a reasonable jury could credit plaintiff's argument that those deficiencies arose from racially discriminatory interference with merchandiser scheduling.   Id.   That argument was also supported by the general evidence of racial discrimination in the Kraft office.   Id.   The Court accordingly denied defendant's motion for summary judgment on the ground that there were genuine disputes of material fact.

On December 20, 2012, over a year later, defendant moved for leave to file a motion for reconsideration of the Court's order.   Defendant argued that after the Court's order of October 28, 2011, it had conducted additional discovery and taken depositions of certain late disclosed

---

[1] On this issue, defendant now moves to strike the Declaration of Vern Quarles, previously submitted by plaintiff, on the ground that the Declaration is unsigned and undated.   Because the declaration is not material to the Court's decision, the Court denies defendant's motion to strike without prejudice to defendant's right to raise the issue at a later date if warranted by the circumstances.

witnesses: Ron Jones, Andrew Reid, Richard Gardenhire and Anthony Harris.   In addition, defendant noted that the parties planned to take the deposition of another witness, Brian Murphy. "[B]ased upon the consideration of this new evidence in the case," defendant sought reconsideration of the Court's October 28, 2011 Order.   (Mot. for Leave, at 3.)   The Court granted defendant leave to file the instant Motion.

Defendant requests reconsideration due to both new evidence and clear errors of law. Attached to the Motion are the deposition transcripts and declarations of certain of the above-noted witnesses, and declarations from Kraft employees Jennifer Fales, Colleen Thiel, and Daniel McTaggart.   Defendant avers that this new evidence rebuts plaintiff's claims regarding the circumstances of his termination, and whether the reason advanced for his firing was pretextual. Defendant also argues that the Court committed clear errors of law in denying its motion for summary judgment.   For the reasons that follow, the Court denies defendant's Motion for Reconsideration.

## III.   LEGAL STANDARD

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.   Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).   A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.   Id.

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.   Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003)

3

("[P]arties are not free to relitigate issues which the court has already decided.").   A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked.   It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through – rightly or wrongly."   <u>Glendon Energy</u>, 836 F. Supp. at 1122 (internal quotations omitted).

## IV.   DISCUSSION

### A.   <u>New Evidence</u>

As noted above, defendant's Motion relies in part on the submission of new evidence as a basis for reconsideration.   Specifically, defendant has now submitted deposition testimony or declarations of, among others, Brian Murphy, Jennifer Fales, Colleen Thiel and Daniel McTaggart.   Plaintiff argues that each of these individuals were known to defendant at the time of the original motion for summary judgment, but defendant made no effort to obtain or submit evidence from such persons.

"A district court may properly refuse to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment."   <u>Bailey v. United Airlines</u>, 279 F.3d 194, 201 (3d Cir. 2002); <u>see also</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").

Defendant argued in its request for leave to file a motion for reconsideration that it had engaged in significant additional discovery with respect to several witnesses.   However, of the witnesses cited in defendant's request, only Brian Murphy is discussed in any detail in defendant's Motion.   Further, Brian Murphy was mentioned in exhibits previously submitted by defendant, and Jennifer Fales, Colleen Thiel and Daniel McTaggart are all Kraft employees.   Thus, much of

the so-called "new evidence" appears to have been "available to [defendant] at the time" of its original summary judgment motion and is therefore not "new evidence" for purposes of a motion for reconsideration.   See also Conway v. A.I. duPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. May 26, 2009).   Accordingly, the Court does not consider the newly submitted evidence from Jennifer Fales, Colleen Thiel, Daniel McTaggart, and Brian Murphy, witnesses known and available to defendant prior to summary judgment.

Assuming, arguendo, that the Court considered all of the evidence now submitted by defendant over a year after the October 28, 2011 Order denying defendant's motion for summary judgment, such evidence would not alter that decision.   The Court remains of the view that there are genuine disputes of material fact, rendering summary judgment inappropriate.[2]   Defendant's arguments are addressed in turn.

B.  Prima Facie Case

1.  Qualifications

As a threshold matter, the Court notes that one part of the legal standard used by the parties and in the Memorandum of October 28, 2011 requires further comment.   The Court wrote that to establish a prima facie case of discrimination, plaintiff must show that, "(1) he is a member of a protected class, (2) *he satisfactorily performed the duties required by his position*, (3) he suffered an adverse employment action, and (4) under circumstances that raise an inference of discriminatory action . . . ."   Clark, 2011 WL 5116637 at *4.   The second prong, regarding

---

2  Plaintiff argues that defendant's Motion for Reconsideration is untimely pursuant to Local Rule 7.1(g), which states that motions for reconsideration or reargument shall be served and filed within 14 days after the entry of the order concerned.   "[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 215 (3d Cir. 2000).   The Court concludes that new evidence that was unavailable at the time of the motion for summary judgment is a sound rationale for hearing the Motion, and it does not unfairly prejudice plaintiff.   Accordingly, the Motion is not denied as untimely.

satisfactory performance of duties, requires clarification.

Courts have varyingly described the second prong of the prima facie case as requiring that plaintiff is "qualified for the position," or that he "satisfactorily performed the duties required by his position," and both phrasings are appropriate.   See Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999) (using "qualified" language); Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 91-92 (2d Cir. 2001) (noting that court's prior use of both "qualified" and "satisfactory" language).   However, use of the "satisfactory performance" language risks "rais[ing] the standard set by the Supreme Court for what suffices to show qualification."   Id. at 91. "The qualification prong must not . . . be interpreted in such a way as to shift onto the plaintiff an obligation to anticipate and disprove, in his prima facie case, the employer's proffer of a legitimate, non-discriminatory basis for its decision."   Id. at 92.

As such, variation in the language of the requirement is permitted only so long as, "all that is required is that the plaintiff establish basic eligibility for the position at issue, and not the greater showing that he satisfies the employer."   Id.; see also Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC, 471 F.3d 843, 846 (8th Cir. 2006) abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) ("By requiring Arnold to prove that she executed her duties satisfactorily, the district court raised the standard set by the Supreme Court for what suffices to show qualification.").   The Third Circuit has held, in conjunction with the "qualified" language, that the requirement may be satisfied by plaintiff's good sales record alone.   Taylor v. Amcor Flexibles, Inc., 2012 WL 6622138, at *2 (3d Cir. Dec. 20, 2012) ("Taylor's sales record alone is sufficient evidence of his qualifications, and thus he has established a prima facie case of discrimination.").

In this case, the parties both argue at length about whether plaintiff satisfactorily performed

6

his job, as a component of his prima facie case.   However, for this part of the prima facie case

plaintiff must only show that he had the basic qualifications for his job.   See Satterwhite v.

Montgomery Cnty., 497 F. App'x 247, 249 (3d Cir. 2012) ("A plaintiff must possess the minimal

qualifications for a position to establish a prima facie case of racial discrimination.").   Whether or

not plaintiff performed his job to his employer's satisfaction is addressed in the later steps of the

McDonnell Douglas analysis.   See Weldon v. Kraft, Inc., 896 F.2d 793, 798 (3d Cir. 1990)

("[W]hile objective job qualifications should be considered in evaluating the plaintiff's prima

facie case, the question of whether an employee possesses a subjective quality, such as leadership

or management skill, is better left to the later stage of the McDonnell Douglas analysis.")

Defendant argues that because plaintiff did not perform his job satisfactorily, he cannot

make out a prima facie case.   However, as noted above, the proper standard requires only that

plaintiff show he was "qualified" for the position.   The Court concludes that plaintiff has

presented sufficient evidence that he was qualified for his job as a Sales Representative, including,

inter alia, his good sales record and the fact that plaintiff twice received Kraft's top regional sales

award, the Dynasty Cup.   See Taylor, 2012 WL 6622138, at *2 (3d Cir. Dec. 20, 2012).

2.   Inference of Discrimination

Defendant claims that the Court made an error of law in finding that there was sufficient

evidence presented to permit an inference of racial discrimination.   On the issue of a Caucasian

Sales Representative being treated better than plaintiff, defendant claims that the Representative at

issue, Tom Wirstad, was disciplined for having 20 items of out of code product, whereas defendant

was already at the final disciplinary warning stage, and was disciplined for having 311 items of out

of code product.   Defendant cites a "coaching memo" from supervisor Joe Shiller to Wirstad,

which states that the store pulled "over 20 packages of outdated product from the shelf."

(Coaching Memo, dated June 12, 2009).   However, plaintiff states that when he took over Wirstad's stores he found thousands of dollars of outdated product, and that these same stores were part of the audit that led to his own termination.   Plaintiff avers that Shiller characterized these out dated products as "clean up," and did not discipline Wirstad.   The Court finds that there is a genuine dispute of material fact as to the severity of Wirstad's offense.

Next, on the issue of racist comments made in the workplace, defendant argues that statements made to Allen Harris are too remote in time and isolated to be relevant to plaintiff's case.   The Court did rule, by Order dated September 21, 2012, that statements referring to Harris as "Manute Bol," in the middle to late 1990's were too remote in time to be relevant to plaintiff's 2008 termination.   However, the Court also ruled that statements made by Daniel McTaggart, a decisionmaker in plaintiff's termination, to a Caucasian female that, "Big Al will show you how to dance," in 2007, were not too remote in time to be relevant.   The Court finds that McTaggart's comment, along with certain other anecdotal evidence, is admissible and relevant to support a finding of discrimination in connection with defendant's termination.

Finally, defendant argues that the Court erred in considering statistical evidence relating to alleged nonpromotion and discrimination of African Americans at the office where plaintiff worked.   Specifically, defendant cites, inter alia, Riding v. Kaufmann's Dept. Store, 220 F.Supp.2d 442, 459 (W.D. Pa. Aug. 8, 2002), for the proposition that statistical evidence is not reliable without proper supportive facts and certain variables to ensure a proper inference of discrimination.   Thus, defendant claims that the general statistical evidence of nonpromotion and termination is insufficient to support an inference of discrimination in this case.

Plaintiff responds that his former supervisor Mr. Shiller has a disproportionate history of imposing discipline on African American Sales Representatives, having terminated five African

American Sales Representatives and constructively discharged a sixth.   Further, Richard Gardenhire and Allen Harris have submitted affidavits that they were subjected to racial discrimination while at Kraft.   Finally, plaintiff avers that during his twelve-year tenure at Kraft, no African American Sales Representatives were promoted and that African American Sales Representatives were not made aware of promotional and developmental opportunities.   The Court concludes that, viewing the all of the evidence in the light most favorable to plaintiff, there remains a genuine dispute of material fact as to whether defendant exhibited a pattern of discrimination against African American Sales Representatives, which precludes summary judgment for defendant on this issue.

C.  Legitimate Nondiscriminatory Reason

In the October 28, 2011 Memorandum, the Court concluded that defendant had carried its burden to show a legitimate nondiscriminatory reason to terminate plaintiff's employment, specifically his poor communication and job performance.   As noted earlier, defendant's claims concerning plaintiff's job performance are properly considered as they pertain to a legitimate nondiscriminatory reason for termination, and plaintiff's ability to establish the pretextual nature of that reason.   See Slattery, 248 F.3d at 91-92; Weldon, 896 F.2d at 798.   The Court remains of the opinion that defendant has articulated a legitimate nondiscriminatory reason for plaintiff's termination.

D.  Pretext

In the October 28, 2011 Memorandum, the Court concluded that a genuine dispute of material fact remained as to whether defendant's proffered reason for terminating plaintiff was pretextual.   The Court found, inter alia, that a genuine dispute of material fact remained as to whether: (1) there was interference in the assignment of merchandisers to plaintiff, and (2) whether

9

a Caucasian Sales Representative was treated better than plaintiff.   The Court also found that anecdotal evidence of discrimination at defendant's office supported plaintiff's allegations. Defendant has now responded with new arguments and evidence concerning the Court's conclusions.

First, on the issue of whether there was racially discriminatory interference with the assignment of merchandisers, defendant cites the recent deposition of Allen Harris, who stated his belief that the assignment of merchandisers was not done on a racial basis but was rather performance-based.[3]   Plaintiff responds that Allen Harris' opinion is irrelevant because he was not involved in making the decisions as to whether and how to assign merchandisers to Clark. Plaintiff maintains that Caucasian Sales Representatives were able to direct and control their merchandisers without interference, but that Robert Blinstrub, Kraft's Retail Merchandising Supervisor, frequently redirected the work of plaintiff's assigned merchandisers.   The Court concludes that there is a genuine dispute of material fact as to the assignment of merchandisers.

Second, on the question whether plaintiff was treated worse than a Caucasian Sales Representative, as noted earlier, plaintiff contends that Tom Wirstad was treated better for a similar offense.   However, defendant claims, inter alia, that Wirstad's offense was less severe than plaintiff's.   The Court concludes that a genuine dispute of material fact remains on this issue.

Third, defendant claims that plaintiff's anecdotal evidence of racial animus is irrelevant. However, there remains admissible, relevant evidence of racial discrimination in defendant's Horsham, Pennsylvania, office, which "buttresses the theory that plaintiff's supervisors set him up to fail in the Sales Representative position by micromanaging his Merchandising schedule and not

---

3 Although defendant cites the deposition of Allen Harris, defendant moves to strike the Declarations of Harris and Richard Gardenhire on the grounds that they are conclusory and not within the personal knowledge of the declarants. The Court disagrees with defendant's characterization, and denies such motions without prejudice to defendant's right to raise such issues at a later date if warranted by the facts.

providing opportunities for advancement." <u>Clark</u>, 2011 WL 5116637, at *6.

In ruling on a motion for summary judgment, "[t]he court may not . . . weigh the evidence or make credibility determinations because these tasks are left for the fact finder." <u>Doe v. Luzerne Cnty.</u>, 660 F.3d 169, 175 (3d Cir. 2011).   Rather, "to avoid summary judgment, the plaintiff must point to some evidence from which a factfinder could reasonably conclude that the plaintiff satisfied the criterion that the decisionmakers disapproving of him relied upon (e.g., by showing that others no more qualified than he under that criterion were not treated adversely), or that the decisionmakers did not actually rely upon that criterion."   <u>Fuentes v. Perskie</u>, 32 F.3d 759, 767 (3d Cir. 1994).   Construing all of the above evidence in the light most favorable to the non-moving party, plaintiff, the Court concludes that genuine disputes of material fact remain as to whether defendant's averred reason for firing plaintiff was pretextual.[4]   Defendant has not shown sufficient new evidence or clear errors of law to warrant reconsideration of the October 28, 2011 order.

## V.    CONCLUSION

For the foregoing reasons, defendant's Motion for Reconsideration is denied.   An appropriate order follows.

---

4  Because summary judgment is inappropriate due to the remaining issues of material fact noted above, the Court need not address defendant's additional arguments.